UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREBAUGH CANAL WATER DISTRICT and CENTRAL CALIFORNIA IRRIGATION DISTRICT,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants.<br>WESTLANDS WATER DISTRICT,<br><br>　　　　Defendant-in-<br>　　　　Intervention.<br>_____<br>SUMNER PECK RANCH, INC., et al.,<br><br>　　　　Plaintiffs.<br><br>　v.<br><br>BUREAU OF RECLAMATION, et al.,<br><br>　　　　Defendants.<br>_____ | 1:88-cv-0634 OWW DLB<br>1:91-cv-0048 OWW DLB<br>(Partially Consolidated)<br><br>SUPPLEMENTAL STATUS<br>CONFERENCE ORDER<br><br>Further Status Conference:<br>6/19/09 8:15 Ctrm. 3 |

I.　Date of Scheduling Conference.

　　January 14, 2009.

II.　Appearances Of Counsel.

1

Minasian, Spruance, Meith, Soares & Sexton, LLP by Paul R, Minasian, Esq., appeared on behalf of Plaintiffs Firebaugh Canal Water District and Central California Irrigation District.

Stephan M. MacFarlane, Esq., U.S. Department of Justice, appeared on behalf of Defendants United States of America, et al.

Kronick, Moskovitz, Tiedemann Girard by Daniel J. O'Hanlon, Esq., appeared on behalf of Westlands Water District and Panoche Drainage District.

Linneman, Burgess, Telles, Van Atta, Vierra, Rathmann, Whitehurst & Keene by Diane V. Rathmann, Esq., appeared on behalf of Defendants Panoche Water District and Panoche Drainage District.

Griswold LaSalle Cobb Dowd & Ginn LLP by Raymond L. Carlson, Esq., appeared on behalf of Defendants Broadview Water District and San Luis Water District.

Altschuler Berson LLP by Hamilton Candee, Esq., appeared on behalf of Intervenors Natural Resources Defense Council and The Bay Institute.

California Environmental Law Project by Laurens H. Silver, Esq., appeared on behalf of Intervenors Contra Costa County and Bay Institute.

III.  Status of Case.

    A.  **Federal Defendants' Administrative Process Pursuant to the Amended Plan of Action of February 5, 2004**.

    1.  As the United States previously reported to the Court, the Bureau of Reclamation transmitted a Feasibility Report, San Luis Drainage Feature Re-Evaluation to the Congress with a cover letter signed by the Commissioner of Reclamation,

and provided a copy of these documents to the Court. *See* Docket #727. That Feasibility Report presented to the Congress the relative economic benefits of the drainage plan selected by the Bureau of Reclamation in its Record of Decision of March 2007 (the In-Valley/Water Needs Land Retirement Alternative); allocated the estimated costs among Central Valley Project purposes; determined the ability of potential beneficiaries to repay the allocated cost of the construction and operation and maintenance costs of the plan; and contained a recommendation to Congress on legislative action required to implement the selected plan, including amending Public Law 96-448, the San Luis, Central Valley Project Act of 1960, to increase the construction cost ceiling for distribution systems and drains by $2.69 billion (2006) dollars, and authorize indexing.

    2.    The Feasibility Report was submitted to Congress in July of 2008.

    B.    <u>Alternative Drainage Approach</u>.

    1.    The parties have previously reported to the Court on discussions concerning an alternative negotiated resolution of the drainage issue. Federal Defendants report as follows: the Bureau of Reclamation has held extensive meetings with interested parties representing water districts, environmental organizations, state and other federal agencies, and Congressional offices concerning such an alternative. At the request of members of Congress, legislative language has been drafted for potential congressional authorization of an alternative approach. It is anticipated that this draft legislative language will be provided to members of Congress

3

1 following a comment period ending on January 12, 2009.

2     2.   Drainage for the Plaintiffs' lands in the northerly area continues to be available through the current Grasslands Bypass Project through December 31, 2009. In the meantime, Reclamation, Firebaugh Canal Water District, and Panoche Drainage District have engaged in a stakeholder process that has developed terms for extending the Grasslands Bypass Project for an additional term, subject to negotiated and regulatory controls. A Draft Environmental Impact Statement/ Environmental Impact Report on the proposed project extension prepared pursuant to the National Environmental Policy Act and the California Environmental Quality Act has been released for public comment. The Regional Water Quality Control Board has initiated the process for a Basin Plan Amendment to delay the current October 30, 2010, compliance date for selenium objectives in Mud Slough and one compliance point in the San Joaquin River reach immediately downstream of Mud Slough. No changes are required for any other compliance points. The proposed Basin Plan Amendment will enable the board to issue new waste discharge requirements for the proposed extension of the Grasslands Bypass Project. The process for completing the necessary steps to extend the Grasslands Bypass Project is on schedule.

3. Based on the issues presented and the likelihood that full resolution of the parties' interests will not be completed within the next twelve months, a Further Status Conference shall be held in this case on June 19, 2009, at 8:15

///

///

a.m. in Courtroom 3.  The parties may appear telephonically.

IT IS SO ORDERED.

Dated:   **January 14, 2009**                       **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE