UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREBAUGH CANAL WATER DISTRICT and CENTRAL CALIFORNIA IRRIGATION DISTRICT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants, and <br><br> WESTLANDS WATER DISTRICT, <br><br> Defendants-in-Intervention. | 1:88-cv-00634 LJO DLB <br> 1:91-cv-00048 LJO DLB <br> (Partially Consolidated) <br><br> ORDER DISMISSING AS MOOT SIXTH CLAIM IN PLAINTIFFS' FIFTH AMENDED COMPLAINT |

The Sixth Claim in Plaintiffs' Fifth Amended Complaint ("FAC") has yet to be formally addressed by this Court. The FAC contains six total claims. *See* Doc. 930 in 1:91-cv-00048.[1] By November 2004: (a) the First (continuing negligence), Second (continuing nuisance), and Third (continuing trespass) claims had been dismissed with prejudice; and (b) the Fourth claim (inverse condemnation) had been transferred to the United States Court of Claims. *See* Doc. 948 in 1:91-cv-00048 at 42. This left only the fifth claim, which alleges the United States violated the Administrative Procedure Act ("APA") by unlawfully withholding the "action of providing drainage to the irrigation lands within the San Luis Unit located upslope of the service areas of Plaintiffs... ," FAC at ¶ 56(a), and the sixth claim, which requests a declaration that Westlands Water District, Panoche Water District,

---

[1] Unless otherwise noted, "Doc." references are to Docket Entries in Lead Case No. 1:88-cv-00634 LJO DLB.

1

Panoche Drainage District, Broadview Water District, and San Luis Water District (collectively "District Defendants") are indispensible parties for purposes of the Fifth (APA) claim and that the District Defendants must comply with any orders of the Court that might result from a favorable ruling on the APA claim, *see* FAC at 32-36.

A November 18, 2004 Memorandum Decision indicated that "according to representations made by the parties during oral argument on November 1, 2004, the Sixth Claim for declaratory relief as to the District Defendant[s] has been mooted by a settlement between Plaintiffs and District Defendants." Doc. 948 in 1:91-cv-00048 at 42. However, on May 19, 2005, in response to a motion for reconsideration and representations from the parties that no settlement had yet been achieved, the district court modified this language to provide that: "according to representations made by the parties during oral argument on November 1, 2004, the Sixth Claim for declaratory relief as to the District Defendants ***may be*** mooted by a settlement agreement." Doc. 952 in 1:91-cv-00048 at 2 (emphasis in original). No settlement papers were ever filed with the Court regarding the sixth claim. Instead, and based upon a proposed order submitted by the parties, on December 23, 2009, a schedule was set for the filing of cross motions for summary judgment on both the Fifth and Sixth Claims. Doc. 758 at 2-3. However, no party moved for judgment on the sixth claim. *See* Doc. 847 at 2 n.3 (Environmental Intervenors so noting).

A September 30, 2011 Memorandum Decision and separate Order did completely resolve the Fifth Claim, denying Plaintiffs' motion for summary judgment and granting Federal Defendants and District Defendants' cross-motions on the APA claim, whether based upon 5 U.S.C. § 706(1) (permitting a court to compel agency action unlawfully withheld) or § 706(2) (permitting a court to set aside agency action that is arbitrary, capricious an abuse of discretion, or otherwise not in accordance with law). The ruling was without prejudice to Plaintiffs bringing a renewed § 706(1) claim based on future circumstances. Docs. 916-17.

Although neither the September 30, 2011 Memorandum Decision or the separate Order directly addresses the Sixth Claim, the district court's ruling on the Fifth Claim necessarily eliminates any need to resolve the Sixth Claim.  There is no need for a declaration that the District Defendants are either indispensable to or bound by a claim that has been found to be without merit.

## **CONCLUSION AND ORDER**

For the reasons set forth above, the Sixth Claim in Plaintiff's Fifth Amended Complaint is DISMISSED AS MOOT.

IT IS SO ORDERED.

Dated:   **January 18, 2012**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE