UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FIREBAUGH CANAL WATER DISTRICT and CENTRAL CALIFORNIA IRRIGATION DISTRICT,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,** *et al.***,**<br><br>Defendants, and<br><br>**WESTLANDS WATER DISTRICT,** *et al.*<br><br>Defendants-in-Intervention, and<br><br>**Natural Resources Defense Council, et al.**<br><br>Defendants-in-Intervention. | 1:88-cv-00634 LJO DLB<br>1:91-cv-00048 LJO DLB<br>**(Partially Consolidated)**<br><br>**ORDER TEMPORARILY SUSPENDING FEDERAL DEFENDANTS' DRAINAGE ACTIVITIES WITHIN WESTLANDS (Doc. 968)** |

The Court's Partial Judgment on Findings of Fact and Conclusions of Law Re Statutory Duty, filed March 12, 1995, enjoined Federal Defendants to provide drainage to the San Luis Unit of the Central Valley Project to comply with section 1(a) of the San Luis Act. Doc. 442, at 11-12. The partial judgment further provided: "This court reserves jurisdiction to enforce compliance with this order and to enable the parties to apply to this court for such other orders as may be necessary for the implementation of this judgment." Doc. 442, at 12; *see also* Doc. 654, at 5.

On November 18, 2009, Federal Defendants committed to begin implementation of the plan selected in the March 2007, Record of Decision, San Luis Drainage Feature Re-Evaluation ("2007 ROD"), in accordance with a Control Schedule which was incorporated into a Scheduling Order in this case. *See* Doc. 758. The Scheduling Order listed activities and a schedule by which the Bureau of Reclamation ("Reclamation") would design and construct drainage facilities within the northern portion of the Westlands Water District ("Westlands"). However, the Scheduling Order also provided that

"[n]othing in this Order precludes the Federal Defendants from discussing with other Parties alternative means or locations of providing drainage service within the San Luis Unit." Doc. 758, at 2.

Triggered by a request from Westlands, on September 30, 2011, the Court amended the Scheduling Order to allow Federal Defendants 120 days to submit a revised Control Schedule under which it would move its activities to the central area of Westlands, if Reclamation concluded that was appropriate. Doc. 915. Reclamation found it was appropriate, and on November 4, 2011 it submitted a Revised Control Schedule outlining activities and a schedule for providing drainage service to the central area of Westlands. *See* Doc. 946; *see also* Docs. 921 & 921-1.

Before the Court for Consideration is Westlands' motion for an order directing Federal Defendants to suspend the activities outlined in the Revised Control Schedule aimed at providing drainage within Westlands. Doc. 968. Westlands does not seek to suspend the portion of the Revised Control Schedule, at line items 7 through 10, which describes activities related to construction and operation of a demonstration treatment plant located outside of Westlands, in the Panoche Drainage District. *Id*.; *see also* Doc. 967 at 6-9. Westlands and Federal Defendants represent that they have had preliminary discussions regarding a potential settlement of claims related to drainage of the lands within Westlands. Doc. 967 at 6-7; Doc. 967-1 at ¶ 8. The Parties believe settlement may be within reach. *Id*.; Declaration of Thomas Birmingham, Doc. 968-2 at ¶ 2. Any such settlement is likely to involve and approach to drainage within Westlands that is different from that set forth in the Revised Control Schedule. Birmingham Decl. at ¶ 3. However, if Reclamation proceeds under the Revised Control Schedule while settlement negotiations are ongoing, it will expend funds it will then seek reimbursement of from Westlands, up to $27 million in fiscal year 2014. Westlands has asked Relcamation to suspend its activities related to the central area of Westlands while settlement negotiations proceed. Doc. 968-1 at 5.

Federal Defendants have indicated they are willing to suspend drainage activities within

2

Westlands, provided the parties agree and/or the Court confirms that during the suspension, Reclamation may redirect appropriations directed at the drainage program to "other high priority activities." Doc. 969. Defendant Intervenors, Contra Costa County, Contra Costa Water Agency, the Bay Institute, and the Natural Resources Defense Council, do not object to the suspension and agree that Reclamation should be permitted to redirect appropriations to other high priority activities. Doc. 970. Westlands also consents to Reclamation redirecting appropriations to other high priority activities. Doc. 971. Plaintiffs failed to take any position on the matter.

Given that parties are in agreement that (1) drainage-related activities within Westlands should be suspended for six months while settlement negotiations, and (2) Reclamation should be permitted to redirect funds appropriated for drainage-related activities within Westlands to other high-priority activities, the matter was submitted for decision on the papers pursuant to Local Rule 230(g). Doc. 972. Having reviewed the Parties' submissions in connection with Westlands' motion, the Court concurs that a six month delay to permit negotiations to proceed is in the public interest and serves the interests of judicial and Party economy. Therefore, IT IS HEREBY ORDERED that Westlands' motion is GRANTED. Federal Defendants may suspend all activities described in the Revised Control Schedule, except the activities related to the Demonstration Plant described in lines 7 through 10 of the Revised Control Schedule, for a period of six months from the date of this Order. Reclamation may, consistent with applicable law, redirect appropriations designated for drainage activities within Westlands to other, high-priority activities.

IT IS SO ORDERED.

Dated: **November 12, 2013**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE