UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREBAUGH CANAL WATER DISTRICT and CENTRAL CALIFORNIA IRRIGATION DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants, and<br><br>WESTLANDS WATER DISTRICT,<br><br>Defendant-in-Intervention. | Case No. 1:88-cv-00634 LJO DLB<br>1:91-cv-00048 LJO DLB<br>(Partially Consolidated)<br><br>**ORDER FOR SUPPLEMENTAL FILING RE REQUEST FOR FURTHER EXTENSION OF TEMPORARY SUSPENSION OF FEDERAL DEFENDANTS' DRAINAGE ACTIVITIES WITHIN WESTLANDS** |

Before the Court for decision is Westlands Water District's ("Movant") motion for an additional six month suspension of federal drainage activities within Westlands, to April 30, 2015. Doc. 983. The Court has carefully reviewed the motion, Federal Defendants' and Environmental Intervenors' non-oppositions, Central California Irrigation District and Firebaugh Canal Water District's (collectively, "Firebaugh") opposition, and Movant's reply, in light of the entire history of this case.

This is the third such request. In granting the second, this Court warned that further requests would be viewed with disfavor and must be supported by specific showings of: (a) substantial progress toward settlement; and (b) the absence of harm to the public from further delay. Doc. 979 at 4.

Movant has established that there has been substantial progress toward settlement, but has not provided sufficient evidence to demonstrate the absence of harm to the public from further

delay. Firebaugh has raised the legitimate concern that further delaying efforts to construct a full-scale treatment facility may impede progress toward meeting the State Water Resources Control Board's 2019 deadline for eliminating selenium discharges into the San Joaquin River. The promulgation of this deadline is at least arguably a determination by the State of California that eliminating such discharges by 2019 is important to the public interest. The Court is mindful that Movant's reply suggests Firebaugh's opposition is riddled with hyperbole and misstatements of fact. However, the Court deliberately placed the burden of proof on Movant to justify a further extension. That burden has not yet been met. Accordingly, the Court directs Movant to supplement its reply with evidence and/or authority demonstrating that the public interest will not be harmed by an additional six-month delay. To the extent Movant's submission would require disclosure of the terms of ongoing settlement negotiations, the Court will entertain a request to seal or present for in camera review such disclosures, to the extent such a request is justified by law. Any such supplemental reply shall be submitted as soon as possible but no lather than December 19, 2014. Any other party may file a response within seven (7) days of electronic filing of the supplemental reply.

IT IS SO ORDERED.

Dated:   **December 9, 2014**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

1157090.1 2010-048

2

[Proposed] Order Further Extending Temporary Suspension Of Federal Defendants' Drainage Activities Within Westlands