IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREBAUGH CANAL WATER DISTRICT and<br>CENTRAL CALIFORNIA IRRIGATION DISTRICT,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　　　　Defendants, and<br><br>WESTLANDS WATER DISTRICT, *et al.*,<br><br>　　　　　　　　　Defendants-in-Intervention. | ) 1:88-cv-00634-LJO/DLB<br>) 1:91-cv-00048-LJO/DLB<br>) (Partially Consolidated)<br>)<br>)<br>) **ORDER GRANTING**<br>) **JOINT MOTION FOR**<br>) **PARTIAL STAY**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　The Court's Partial Judgment on Findings of Fact and Conclusions of Law Re: Statutory Duty, filed March 12, 1995, enjoined Federal Defendants to provide drainage to the San Luis Unit of the Central Valley Project to comply with Section 1(a) of the San Luis Act of 1960.  ECF No. 442, at 11-12.  The partial judgment further provided that "[t]his court reserves jurisdiction to enforce compliance with this order and to enable the parties to apply to this court for such other orders as may be necessary for the implementation of this judgment."  ECF No. 442, at 12. The Order Modifying Partial Judgment On Findings of Fact and Conclusions of Law Re: Statutory Duty to Conform to Ninth Circuit Opinion, filed December 18, 2000 (ECF No. 654), reiterated that the "[t]he Court reserves jurisdiction to enforce the provisions of the Partial Judgment, as amended herein."  ECF No. 654, at 5.  In furtherance of the partial judgment, the Federal Defendants committed to begin implementation of a drainage plan selected in the 2007 San Luis Feature Re-Evaluation Record of Decision ("2007 ROD") in accordance with a Control Schedule which the Court incorporated into a Scheduling Order in this case.  *See* ECF No. 758. Among other things, the Scheduling Order provided that "[n]othing in this Order precludes the Federal Defendants from discussing with other Parties alternative means or locations of providing drainage service within the San Luis Unit." *Id*. at 2.

1    In recent status reports advising the Court on their implementation of the drainage plan, Federal Defendants have reported on discussions they have had with Westlands Water District ("Westlands") on a potential drainage settlement.  *See* ECF No. 967, at 6; ECF No. 980, 3-4; ECF No. 1000, at 3-4.  On September 16, 2015, Federal Defendants reported that the United States and Westlands had reached a settlement, and filed a Notice with the Court attaching a copy of the executed Settlement Agreement ("Settlement").  ECF No. 1001.  The Settlement addresses the management of drainage within Westlands and settles litigation over drainage service between the United States and Westlands.  Implementation of the Settlement will depend on the enactment of authorizing federal legislation.

Now before the Court is a Joint Motion for Partial Stay filed by Federal Defendants and Westlands.  The Joint Motion requests that the Court stay, until January 15, 2017, Federal Defendants' compliance with the partial judgment and subsequent Orders in this case requiring them to implement drainage service within Westlands.  The partial stay requested in the Joint Motion is <u>limited geographically to Westlands</u>; it does not request a stay regarding Federal Defendants' implementation of drainage service in other parts of the San Luis Unit.  The partial stay requested is also limited temporally to the time between the present and January 15, 2017, the date on which the Settlement becomes voidable if authorizing legislation is not enacted.  Through the Joint Motion, the Federal Defendants and Westlands seek to limit the expenditure of federal appropriations on the implementation of the plan selected in the 2007 ROD within Westlands while Congress considers legislation that would authorize the Settlement and an approach to drainage service that may differ, and be less costly, than Federal Defendants' plan.  In support of the Joint Motion, Federal Defendants and Westlands have submitted the Declaration of Jason Phillips, who summarizes the estimated costs involved in implementing Federal Defendants' plan within Westlands.  Federal Defendants and Westlands have also submitted the Declarations of Jose Gutierrez and Phillip Ross, who assert that, under current conditions of water shortage and groundwater hydrology, the partial stay requested in the Joint Motion will not result in harm to landowners within Westlands or to lands outside of Westlands.

The Court has also considered the responses to the Joint Motion. Contra Costa County, Contra Costa County Water Agency, Natural Resources Defense Council, and The Bay Institute (collectively, "Environmental Intervenors") do not object to the proposed partial stay, but reiterate that their non-opposition does not indicate "approval, consent, or acquiescence" with respect to the Settlement, which Environmental Intervenors asserts "raises serious legal and policy concerns, and, if approved and implemented, could cause serious adverse impacts to Environmental Intervenors and the interests they represent." ECF No. 1006. Likewise, Firebaugh Canal Water District and Central California Irrigation District (collectively, "Plaintiffs"), do not object to the proposed partial stay, with the understanding that this non-opposition does not indicate consent or waiver in any way. ECF No. 1007. Plaintiffs assert that a comprehensive drainage proposal that includes the Northerly Area and the Grasslands Bypass Project is essential to evaluating any proposed alternative to the currently-operative 2007 ROD. Accordingly, their non-opposition is "with the understanding that" Reclamation will rapidly complete "the proposed settlement, if any, with the Northerly San Luis Unit Contractors and the participants in the Grasslands Bypass Project ... so that the Court and United States Congress ... may see the total outline of the proposed alternative." *Id*. at 2.

Having reviewed all papers submitted with regard to the Joint Motion, the Court is satisfied that the partial stay requested by Federal Defendants and Westlands will not harm the public interest and serves the interest of judicial and Party economy. Therefore, IT IS HEREBY ORDERED that the Joint Motion is GRANTED, and that Federal Defendants' compliance with the partial judgment and subsequent Orders requiring them to implement drainage service within Westlands is hereby STAYED until January 15, 2017, unless extended by further Order of this Court upon a noticed motion. During the period of the stay, Federal Defendants may, consistent with applicable law, redirect appropriations designated for drainage activities within Westlands to other, high-priority activities.

This order in no way suspends the Parties' obligations to provide periodic status reports to the Court. If, upon submission of the next status report, due in April 2016, little to no progress

has been made toward completion of the terms of the Settlement, the Court will consider more stringent reporting requirements, among other measures.

IT IS SO ORDERED.

| Dated: | **October 26, 2015** | **/s/ Lawrence J. O'Neill** |
|---|---|---|
| | | UNITED STATES DISTRICT JUDGE |